IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| George Lee Hurd, Jr., ) | C/A No. 0:15-199-RMG-PJG |
| ) | |
| Petitioner, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| v. ) | |
| ) | |
| Warden, Federal Correctional Institution, Estill, ) | |
| SC 29918, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The petitioner, George Lee Hurd, Jr., a self-represented prisoner confined at Federal Correctional Institution ("FCI") Estill, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.) Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

**I.     Factual and Procedural Background**

Petitioner indicates that a jury in the United States District Court for the Middle District of Alabama convicted him of possession with intent to distribute cocaine and cocaine base. (ECF No. 1-1 at 4.) Petitioner states that he was sentenced to 327 months' imprisonment and ten years' supervised release on October 17, 1996. (Id.) Petitioner further indicates that he was determined to be a career offender at sentencing based on "one prior crime of violence and one prior qualifying drug conviction—Aggravated Assault and Battery and Possession with Intent to Distribute Cocaine, respectively." (Id.) On direct appeal, the United States Court of Appeals for the Eleventh Circuit affirmed Petitioner's conviction and sentence on August 5, 1998. (Id.) Petitioner also sought relief

pursuant to 28 U.S.C. § 2255, which the sentencing court denied on July 16, 1999. (Id.) Petitioner indicates that he filed an untimely certificate of appealability and an application for leave to file a second or successive motion under § 2255, which the Eleventh Circuit denied. (Id. at 4-5.)

The instant § 2241 Petition, which challenges the validity of this conviction and sentence (ECF No. 1 at 1-2), is the second such action filed by Petitioner in this court. See Hurd v. Warden FCI Estill, C/A No. 0:11-602-RMG, 2011 WL 2020881 (D.S.C. May 24, 2011) (adopting report and recommendation summarily dismissing Petitioner's § 2241 action), aff'd, 465 F. App'x 229 (4th Cir. 2012). As in the prior § 2241 action, Petitioner again argues that he was improperly sentenced as a career offender pursuant to § 4B1.1(a) of the United States Sentencing Guidelines. (ECF No. 1-1 at 6-10.)

## II.  Discussion

### A.  Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the Rules Governing § 2254 Cases,[1] 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id.;

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. See Rule 1(b).



Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

The instant Petition, filed pursuant to 28 U.S.C. § 2241, is subject to summary dismissal because "it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (citing In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997)).  Petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can satisfy the § 2255 savings clause which states:



> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); see also Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001); Ennis v. Olsen, No. 00-7361, 2000 WL 1868982, at *1 (4th Cir. Dec. 22, 2000).[2]

The United States Court of Appeals for the Fourth Circuit has held that a petitioner must establish the following criteria to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a prisoner's detention:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). Moreover, the Fourth Circuit has held that the reach of the savings clause does not extend to petitioners who challenge only their sentences. See United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008); see also Rouse v. Wilson, 584 F. App'x 76 (4th Cir. 2014) (finding that the district court properly determined that a petitioner could not challenge a career offender enhancement under § 2241). In this case, Petitioner challenges a career offender sentence enhancement and provides no factual allegations to demonstrate that the conduct for which he was convicted has been deemed non-criminal by any substantive law change

---

[2] The court notes that Petitioner has been unsuccessful in seeking relief under § 2255. However, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." See In re Vial, 115 F.3d at 1194 n.5 (citations omitted).



since his direct appeal or § 2255 motion.[3] Thus, he cannot satisfy the criteria to invoke § 2255's savings clause and proceed under § 2241.

Instead, Petitioner asserts that a prior conviction for aggravated assault and battery, which was used as a predicate to designate Petitioner as a career offender, is no longer a crime of violence in light of United States v. Hemingway, 734 F.3d 323, 338 (4th Cir. 2013) (holding that the South Carolina offense of assault and battery of a high and aggravated nature is not categorically a violent felony under the Armed Career Criminal Act). The Petition further asserts that the United States Supreme Court's decision in Persaud v. United States, 134 S. Ct. 1023 (2014), now allows Petitioner to attack his sentencing enhancement under § 2241.[4] (ECF No. 1-1 at 3.) However, as discussed below, Petitioner's reliance on Persaud and Hemingway is misplaced.

As an initial matter, Persaud involved a challenge to a sentence which was enhanced pursuant to 21 U.S.C. § 851 to a mandatory minimum term of life imprisonment. See United States v. Persaud, 87 F. App'x 869, 870 (4th Cir. 2004) (affirming conviction and sentence). In contrast, the instant Petition admits that "Petitioner's career offender sentences do not implicate a mandatory minimum penalty due to legal error, nor are the sentences beyond the statutory maximum sentences for the offense." (ECF No. 1-1 at 9.) Further, the petitioner in Persaud argued that his prior drug convictions no longer qualified as predicate felonies based on a Fourth Circuit opinion, United States

---

[3] The court notes that Petitioner also fails to demonstrate factual innocence of the underlying aggravated assault and battery offense allegedly used to improperly enhance his sentence. As cognizable claims of actual innocence must be based on "factual innocence, not mere legal insufficiency," Bousley v. United States, 523 U.S. 614, 623 (1998), any actual innocence claim Petitioner may be attempting to assert is subject to summary dismissal.

[4] In Persaud, the Court remanded a petitioner's motion under § 2255 and alternative claims for relief under § 2241 to the Fourth Circuit for "further consideration in light of the position asserted by the Solicitor General in his brief for the United States." Persaud, 134 S. Ct. at 1023.



v. Simmons, 649 F.3d 237 (4th Cir. 2011), which has been held retroactive to cases on collateral review, see Miller v. United States, 735 F.3d 141, 147 (4th Cir. 2013).  By contrast, the instant Petition relies on Hemingway, which has not been declared retroactive.  See Mason v. Thomas, C/A No. 0:14-2552-RBH, 2014 WL 7180801, at *4 (D.S.C. Dec. 16, 2014); Thompson v. United States, C/A No. 7:14-2881-GRA, 2014 WL 3809538, at *2 n.3 (D.S.C. July 30, 2014).

As the facts of the instant Petition are distinguishable from those presented in Persaud, Petitioner fails to demonstrate an entitlement to relief under §2241 based on that case.[5]  See Mason, 2014 WL 7180801, at *4 (adopting report and recommendation for summary dismissal of a § 2241 petition and finding Persaud "fundamentally different" from a petitioner's challenge to a career offender enhancement which relied on cases, including Hemingway, which had not been made retroactive on collateral review); Holman v. Thomas, C/A No. 1:14-2554-RBH, 2014 WL 6809748, at *4 (D.S.C. Dec. 3, 2014) (same); see also Bramwell v. Perdue, C/A No. 5:14CV7, 2015 WL 251419, at *4 (N.D. W. Va. Jan. 20, 2015) (noting that "the application of the savings clause in Persaud related to a very narrow scenario" and holding that a petitioner's challenge to a career offender enhancement did not demonstrate the type of "fundamental" error that existed in Persaud).  Therefore, the court finds that Petitioner has not shown that a motion filed pursuant to § 2255 is inadequate or ineffective to test the legality of his conviction or sentence and the instant § 2241 Petition should be dismissed.

---

[5] To the extent Petitioner relies on cases cited in his prior § 2241 Petition, to include Begay v. United States, 553 U.S. 137 (2008), United States v. McFalls, 592 F.3d 707, 716 (6th Cir. 2010), and United States v. Palomino Garcia, 606 F. 3d. 1317 (11th Cir. 2010), his arguments for relief based on such cases have previously been considered and rejected.  See Hurd v. Warden FCI Estill, C/A No. 0:11-602-RMG, 2011 WL 2020881, at *2 (D.S.C. May 24, 2011).



## III. Conclusion

Accordingly, the court recommends that the Petition in the above-captioned case be dismissed without prejudice and without requiring the respondent to file a return.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 2, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).