IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| George Lee Hurd,                )<br>                                              )<br>          Petitioner,                )<br>                                              )<br>                                              )<br> vs.                                         )<br>                                              )<br> Warden, Federal Correctional Institution,  )<br>                                              )<br>          Respondent.              )<br>_____)  | No: 0:15-cv-199-RMG<br><br>**ORDER** |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge, (Dkt. No. 8), recommending this Court summarily dismiss the Petition for habeas relief without prejudice and without requiring Respondent to file an answer or return. For the reasons set forth below, the Court agrees with and adopts the R&R as an Order of the Court.

## I. Background

Petitioner was convicted by a jury in the United States District Court for the Middle District of Alabama for PWID cocaine and cocaine base and sentenced as a career offender to 327 months of incarceration. Petitioner's career offender status was based upon convictions for a crime of violence (aggravated assault and battery) and a drug crime (PWID cocaine). Petitioner filed the instant petition pursuant to 28 U.S.C. Section 2241, which is his second effort to obtain habeas relief by way of Section 2241. *See Hurd v. Warden FCI Estill*, C.A. No. 0:11-602-RMG, 2011 WL 2020881 (D.S.C. 2011), *aff'd* 465 Fed. App'x 229 (4th Cir. 2012). Petitioner has previously filed an unsuccessful direct appeal and habeas petition pursuant to 28 U.S.C. Section 2255 and has been denied leave to file a second or successive petition under Section 2255. (Dkt. No. 8 at 1-2).

1

This present petition seeks to challenge his sentencing as a career offender because one of the bases of that status, conviction for aggravated assault and battery, is no longer considered a crime of violence under *United States v. Hemingway*, 734 F.3d 323, 338 (4th Cir. 2013). Petitioner argues that he is entitled under these circumstances to utilize the "savings clause" provision under Section 2255(e) to bring this petition under Section 2241.

This matter was referred to the Magistrate Judge for pre-trial handling pursuant to 28 U.S.C. 636(b)(1)(B) and Local Rule 73.02 (D.S.C.). The Magistrate Judge issued a Report and Recommendation ("R & R") on April 2, 2015, recommending that the petition be summarily dismissed because it was improperly brought pursuant to Section 2241. (Dkt. No. 8). Petitioner timely filed objections to the R & R, essentially rearguing the points made in his earlier petition and memorandum in support. (Dkt. Nos. 1, 1-1 and 16).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).

In reviewing these pleadings, the Court is mindful of Petitioner's pro se status. This Court is charged with liberally construing the pleadings of a pro se litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a respondent's clear failure to allege facts that set forth a cognizable claim. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

2

## II. Discussion

The Magistrate Judge has ably addressed the factual and legal issues in this matter and has correctly concluded that Section 2241 is not the proper vehicle upon which to challenge the validity of his career offender enhancement and that the recent decision in *Persaud v. United States*, 134 S. Ct. 1023 (2014) provides no basis to utilize Section 2241 under these circumstances. (Dkt. No. 8 at 3-6). Therefore, the Court **ADOPTS** the R&R (Dkt. No. 8) as the Order of this Court. Accordingly, the Petition is **DISMISSED WITHOUT PREJUDICE** and without requiring Respondent to file an answer or return.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

May __1__, 2015
Charleston, South Carolina